1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

UNITED STATES OF AMERICA,

                          Plaintiff,

        v.

KYLE MICHAEL ISAACSON,

                          Defendant.

Case No. MJ20-568 MLP

DETENTION ORDER

Offenses charged:

        Count 1:        Possession of Controlled Substances with Intent to Distribute in violation

        of 21 U.S.C. § 841(a)(1) and § 841(b)(1), (C)

        Count 2:        Carrying a Firearm During and in Relation to a Drug Trafficking Crime in

        violation of 18 U.S.C. § 924(c)(1)(A)(i)

        Count 3:        Felon in Possession of a Firearm in violation of 18 U.S.C. §922(g)(1) and §

        924(a)(2)

Date of Detention Hearing: On September 14, 2020, the Court held a hearing via a WebEx

videoconference, with the consent of Defendant, due to the exigent circumstances as outlined in

General Order 13-20. This detention order is without prejudice to renewing once the court has

DETENTION ORDER - 1

reconstituted in-person hearings.

The Court, having conducted a detention hearing pursuant to 18 U.S.C. § 3142(f), and based upon the reasons for detention hereafter set forth, finds:

<u>FINDINGS OF FACT AND STATEMENT OF REASONS FOR DETENTION</u>

1.  There is a rebuttable presumption of detention pursuant to 18 U.S.C. § 3142(e).

2.  Defendant stipulated to detention.

3.  Defendant poses a risk of nonappearance due to the length of the sentence he faces if he is convicted of the charged offenses. Defendant poses a risk of danger due to the nature of charged offenses, particularly the charges involving firearms. Based on these findings, and for the reasons stated on the record, there does not appear to be any condition or combination of conditions that will reasonably assure the Defendant's appearance at future court hearings while addressing the danger to other persons or the community.

4.  Taken as a whole, the record does not effectively rebut the presumption that no condition or combination of conditions will reasonably assure the appearance of the Defendant as required and the safety of the community.

IT IS THEREFORE ORDERED:

(1)  Defendant shall be detained pending trial, and committed to the custody of the Attorney General for confinement in a correction facility separate, to the extent practicable, from persons awaiting or serving sentences or being held in custody pending appeal;

(2)  Defendant shall be afforded reasonable opportunity for private consultation with counsel;

DETENTION ORDER - 2

(3)     On order of a court of the United States or on request of an attorney for the government, the person in charge of the corrections facility in which Defendant is confined shall deliver the defendant to a United States Marshal for the purpose of an appearance in connection with a court proceeding; and

(4)     The Clerk shall direct copies of this Order to counsel for the United States, to counsel for the Defendant, to the United States Marshal, and to the United States Pretrial Services Officer.

Dated this 15th day of September, 2020.

MICHELLE L. PETERSON
United States Magistrate Judge